UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ROBERT ALFORD,<br><br>　　　Plaintiff,<br><br>　v.<br><br>CAL REMINGTON; DR. DOUGLAS SPENCER,<br><br>　　　Defendants. | Case No. 17-cv-00460-JSC<br><br>**ORDER GRANTING MOTION TO RENAME DEFENDANTS; DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(ECF No. 6) |

## INTRODUCTION

Plaintiff, an inmate at the Maple Street Correctional Center ("MSCC") in Redwood City, California, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against two MSCC employees, Cal Remington and Dr. Douglas Spencer.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 4.) Plaintiff's motion to rename the Defendants listed in the complaint to Defendants Remington and Spencer is GRANTED. (ECF No. 6.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was given and ordered to take medication meant for someone else, which made him sick. While deliberate indifference to an inmate's safety or medical needs is unconstitutional, Plaintiff does not allege how the two Defendants were involved in causing him to receive the wrong medication. Liability may be imposed on Defendants only if Plaintiff shows actions or omissions by them that actually and proximately caused the deprivation of his federally protected rights. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation,* 726 F.3d 1062, 1085 (9th Cir. 2013). Plaintiff's failure to specify what actions Remington and Spencer took or failed to take that led to him receiving the wrong medication, therefore, means that his complaint does not state a cognizable claim for relief against them. To state a claim upon which relief may be granted, Plaintiff must allege the actions or omissions of each Defendant that led to the alleged violation of his constitutional rights. Plaintiff is given the opportunity to make these allegations in an amended complaint, which he must file in accordance with the instructions below.

Plaintiff has also submitted a letter to the Court alleging inadequate medical care at MSCC

for a condition on his arm. (ECF No. 5.) He states that he intends to add that claim to the complaint in this action. If he wishes to include such a claim in this case, he must include it in the amended complaint.

## CONCLUSION

1. The complaint is dismissed with leave to amend. Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 17-0460 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 5, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ROBERT ALFORD,<br>　　　　Plaintiff,<br>　　v.<br>MSCC MEDICAL STAFF, et al.,<br>　　　　Defendants. | Case No. 17-cv-00460-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 5, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aaron Robert Alford ID: #1200334
1300 Maple Street
Redwood City, CA 94063

Dated: May 5, 2017

　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Ada Means, Deputy Clerk to the
　　　　　　　　　　　　　　　　Honorable JACQUELINE SCOTT CORLEY